**Nelson Patrick MARKS, Appellant,**
v.
**STATE of Alaska, Appellee.**
**No. 1414.**

Supreme Court of Alaska.
April 21, 1972.

Asst. Public Defenders, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

ERWIN, Justice.

Appellant has been sentenced to an eighteen-month term of imprisonment for the sale of a hallucinogenic drug in violation of AS 17.12.010. Prior to his trial appellant moved for dismissal of the criminal proceedings against him, arguing that dismissal was constitutionally mandated because eight months had elapsed between the occurrence of the alleged sale and the filing of the indictment. The denial of that pre-trial motion provides the sole claim of error on appeal.

The state, prior to filing its brief, filed in this court a confession of error, stating in part:

> Following review of the record on appeal . . . and of the controlling authority, the State submits that the delay . . . taken in conjunction with the circumstances of the indictment and the prima facie showing of prejudice made by appellant at trial deprived Nelson Patrick Marks of his constitutionally protected rights.

Although a confession of error by the Attorney General is entitled to great weight, it does not relieve this court of the obligation to perform our judicial function. The public interest in criminal appeals does not permit their disposition by party stipulation.[1] We must therefore independently review the proceedings below to insure that the

Herbert D. Soll, Public Defender, Meredith A. Wagstaff and Lawrence J. Kulik,

---

1. Although a few jurisdictions apparently reverse on a confession of error without further consideration, we feel that the better view is that such a confession is not binding on an appellate court. *See,* *e. g.,* Sibron v. New York, 392 U.S. 40, 58, 88 S.Ct. 1889, 20 L.Ed.2d 917, 932 (1968); Young v. United States, 315 U.S. 257, 258, 62 S.Ct. 510, 86 L.Ed. 832, 834–835 (1942).

error confessed is supported by the record on appeal and has legal foundation.

Appellant was charged with having sold on August 28, 1969, two tablets of lysergic acid diethylamide (LSD) to Kenneth Foster, an Anchorage city policeman then working as a narcotics undercover agent. On September 25, 1969, less than one month after the alleged sale, a secret indictment and the resultant arrest warrant were issued; however, both mistakenly named as defendant "Michael Lee Marks." The error was eventually discovered, and, on April 23, 1970, the defective indictment was dismissed. On April 30, 1970, eight months after the occurrence of the alleged offense, the grand jury returned a true bill against appellant using his correct name.

■ Appellant's contention that the dilatory accusation deprived him of his federally guaranteed right to a speedy trial is foreclosed by a recent decision of the United States Supreme Court. In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Court held that the sixth amendment right of an accused to a speedy trial attaches only after the institution of some public criminal charge against him.[2]

■ There is legal basis for appellant's alternative claim that the passage of eight months between the alleged offense and the indictment impaired his ability to defend himself and constituted a denial of due process.[3] Although "the applicable statute of limitations . . . is . . . the primary guarantee against . . . overly stale criminal charges,"[4] it "does not fully define [a defendant's] rights with respect to the events occurring prior to indictment."[5] Both the Alaska and federal constitutional guarantees of due process of law serve to protect a defendant against the hazards of pre-accusation delay.

■ Two factors have been considered relevant in deciding whether substantial delay in accusation constitutes a denial of federal due process: the reasonableness of the delay and the probable prejudice accruing from the delay.[6] In order to assess a claim of due process deprivation, the governmental interest in postponing accusation must be weighed against the defendant's interest in early notice of the charges against him. In sum, both the absence of a valid reason for pre-accusation delay and the fact of prejudice must be established in order to support a due process claim.

The state has not attempted to justify on appeal the passage of eight months between

---

2. We need not here decide whether the speedy trial guarantee of Alaska Const. art. I, § 11, is similarly limited. We note only that the gravamen of appellant's complaint more accurately may be taken as presenting a question akin to a due process issue, centering around appellant's inability to defend himself at trial.

3. U.S.Const. amend. XIV; Alaska Const. art. I, § 7.

4. United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627, 632 (1966). See also Toussie v. United States, 397 U.S. 112, 114–115, 90 S.Ct. 858, 25 L.Ed.2d 156, 161 (1970). Such statutes represent legislative assessments of when a defendant's right to a fair trial should be presumed prejudiced because of dilatory accusation. They also provide a degree of predictability which cannot be duplicated in judicial decision.

The general five-year statute of limitations in AS 12.10.010 is applicable to the charge at bar.

5. United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 480–481 (1971).

6. Powell v. United States, 122 U.S.App. D.C. 229, 352 F.2d 705, 708 (1965); Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210, 211 (1965). See also United States v. Lee, 413 F.2d 910, 912–913 (7th Cir. 1969) cert. denied, 396 U.S. 1022, 90 S.Ct. 595, 24 L.Ed.2d 515 (1970); United States v. Feinberg, 383 F.2d 60, 65 (2d Cir. 1967); Schlinsky v. United States, 379 F.2d 735, 737 (1st Cir.), cert. denied, 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265 (1967); United States v. Harbin, 377 F.2d 78, 79–80 (4th Cir. 1967); Foley v. United States, 290 F.2d 562, 566 (8th Cir. 1961).

the alleged sale and the indictment.[7] Moreover, in its confession of error the state conceded that appellant at trial made a "prima facie showing of prejudice." [8] That concession, made by a party with intimate knowledge of the case is entitled to great weight.

The judgment of conviction is reversed, and the case is remanded to the superior court with direction to dismiss the indictment, with prejudice.

7. The state has neither attempted to explain the cause of the mistaken denomination on the September 25th indictment nor sought to justify the seven-month delay in its correction. Moreover, we can perceive no legitimate governmental interest which might have justified dilatory accusation. The state concedes that the case was neither complex, requiring prolonged pre-charge investigation, nor hinged on the testimony of an undercover agent whose identity the state did not want to reveal. Officer Foster had "blown" his cover by testifying before the grand jury in several cases during September of 1969.

8. After denying the sale, appellant testified that he and his possible witnesses had no recollection of the events of the day on which it was alleged to have occurred. Further, appellant was unable to contact other possible witnesses who had moved from the area.