Carmine T. PRENESTI, Appellant,

v.

STATE of Alaska, Appellee.

No. 3911.

Supreme Court of Alaska.

April 27, 1979.

---

**64**

William H. Bittner, Rita T. Allee and Paul H. Grant of Birch, Horton, Bittner & Monroe, Anchorage, for appellant.

Steven J. Call, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

PER CURIAM.

Carmine T. Prenesti brings this appeal from a conviction for the misdemeanor

offense of assault and battery, arising from a March 1976 incident in which he allegedly broke the leg of Randy Merriman by jumping on it. Charges were filed against him on October 29, 1976, and on June 24, 1977, he entered a plea of nolo contendere to the charge in district court. His entry of this plea was conditioned on the preservation of his right to appeal the district court's rejection of his motion to dismiss the complaint on denial of due process grounds.[1] On appeal to the superior court, Prenesti's conviction was affirmed. This further appeal followed.

Prenesti claims here, as he did in both the district and superior courts, that the state's eight-month delay in filing charges against him violated his right to due process of law under the fourteenth amendment to the United States Constitution and article I, section 7 of the Alaska Constitution.

To establish a due process denial resulting from pre-accusation delay, a defendant must show that the delay was unreasonable and that he was prejudiced by it. The burden of proving prejudice flowing from the pre-accusation delay lies with the defendant.[2]

Both the district and the superior courts ruled that the eight-month delay in filing formal charges against Prenesti was unreasonable, and the state has not convinced us otherwise. Both lower courts also concluded that Prenesti was not sufficiently prejudiced by the delay to warrant dismissal of the charges. Again we agree.

Prenesti's central claim is that, because of the delay, he was unable to locate several possible eyewitnesses to the incident who might have exonerated him, since they had left the Fairbanks area before charges were brought. However, he offered no evidence

1. Prenesti expressly reserved his right to appeal on this issue and a resolution of this issue in his favor on appeal would result in a reversal of his conviction. The requirements of *Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974), are thus satisfied. The further requirement that the parties must stipulate with trial court approval that the issue reserved for appeal will be dispositive of the entire case, announced in *Oveson v. Municipality of Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978), does not apply in this case, since Prenesti's plea was entered before the publication of that opinion.

2. *See Coffey v. State,* 585 P.2d 514, 519–20 (Alaska 1978); *Yarbor v. State,* 546 P.2d 564, 567–68 (Alaska 1976); *Marks v. State,* 496 P.2d 66, 68–69 (Alaska 1972).

to show that these individuals had, in fact, witnessed the incident.[3] Further, we agree with the superior court that the loss of these witnesses was due to Prenesti's failure to exercise due diligence in his own behalf. He became aware that he was the subject of a police investigation two months after the incident, but did not hire a lawyer until three months after that time or an investigator until seven months had passed.[4]

Prenesti also claims that prejudice resulted from the disappearance of other witnesses, the loss of material evidence, and the faded memories of those involved in the investigation.[5] Whatever prejudice, if any, that may have resulted from these causes is, in our view, insufficient to establish a denial of due process.

The decision of the superior court, affirming the district court's denial of appellant's motion to dismiss the complaint on the grounds that his due process rights were violated by pre-accusation delay, is Affirmed.

BURKE, J., not participating.

3. Prenesti's contention that such witnesses might exist is apparently based on the testimony of the victim that while he was waiting for the ambulance he noticed people looking out of their windows.

4. *See United States v. Erickson,* 472 F.2d 505 (9th Cir. 1973) (although defendant was notified he was a suspect four and one-half months after the theft, he waited eleven months after notification before hiring an investigator; hence, pre-accusation delay of one year was not denial of due process).

5. However, at least two prospective witnesses were still in Fairbanks, but refused to talk to Prenesti's investigator. No effort was made to subpoena those witnesses.