Laymon O. JOHNSON, Petitioner,

v.

STATE of Alaska, Respondent.

No. A–1623.

Court of Appeals of Alaska.

Dec. 26, 1986.

Robert B. Downes, Downes and McKelvie, Fairbanks, for petitioner.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Laymon Johnson was indicted for four counts of sexual assault and one count of kidnapping. The sexual assault charges involved four separate alleged victims and the kidnapping charge involved one of the alleged victims, K.N. All five counts were originally joined for trial. In his pretrial motions, Johnson moved to sever the

charges for trial. Superior Court Judge Gerald J. Van Hoomissen originally granted the motion to sever. Several days later, Judge Van Hoomissen granted motions to dismiss charges concerning two of the alleged victims. He then reconsidered his decision to sever the remaining counts. Judge Van Hoomissen reversed his earlier ruling so that the counts concerning the alleged sexual assaults of J.P. and K.N. and the kidnapping of K.N. are now consolidated for trial.[1] Johnson petitioned for review, arguing that Judge Van Hoomissen erred in refusing to grant his motion to sever. We granted the petition.

Alaska Criminal Rule 8(a) governs joinder of offenses and provides:

> *Joinder of offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies, misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Alaska Criminal Rule 14 governs severance and provides in part:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

We conclude that the resolution of the present case turns on an interpretation of *Stevens v. State*, 582 P.2d 621 (Alaska 1978). In *Stevens*, the court held that the trial court did not abuse its discretion in refusing to order a severance of two similar sexual assault charges involving the same defendant. The court stated:

> Concerning severance, we think it sufficient to observe that in our view had the counts been tried separately, the facts pertaining to the count not charged could have been introduced for the purpose of showing the common identity of the assailant.... We further note that our study of the record has convinced us that on the whole the evidence as to the separate counts was presented in such a manner that Stevens was not confounded in his defense against the charges.

*Id.* at 629 (citations and footnotes omitted). However, in dicta the *Stevens* court stated:

> Despite the foregoing, we think it appropriate to note our agreement with the criticism which has been directed against a procedural rule which permits the joinder of offenses of the same or similar character. We think that in general such joinders are to be avoided and that in those instances where the prosecution has joined offenses of the same or similar character the court, on motion by the accused, should grant a severance of such changes [sic].[2]

*Id.* (footnote omitted).

In *Nix v. State*, 653 P.2d 1093 (Alaska App.1982), this court was faced with a case where several sexual assault charges involving the same defendant had been joined for trial and the trial court had refused to

---

1. Judge Van Hoomissen found that the evidence in these cases was similar enough to establish a common scheme or plan. The state concedes that these offenses could not be properly joined as a common scheme or plan under our decision in *Bolden v. State*, 720 P.2d 957, 960–61 (Alaska App.1986). The state's concession is well-founded. *Marks v. State*, 496 P.2d 66, 67 (Alaska 1972). Nevertheless, the state has asked us to uphold Judge Van Hoomissen's ruling on the theory that the evidence of the assault on each victim would have been admissible in the trial for assault on the other victim.

2. In a footnote, the *Stevens* court cited ABA Standards Relating to Joinder and Severance, § 1.1(a) and § 2.2(a) at 28–32 (1968). 582 P.2d at 629 n. 36. ABA Standard § 2.2 granted a defendant the right to an automatic severance, where offenses were joined solely because they were similar, whether or not there was cross admissibility. The current standards similarly grant the right to an automatic severance after unrelated offenses are joined. 2 ABA Standards for Criminal Justice, 13–2.1 and 13–3.1(a) (2d ed. 1980).

grant the defendant's motion for severance. The defendant in *Nix* argued, based on the *Stevens* dicta, that the trial court erred in not granting an automatic severance. *Id.* at 1095–96 n. 3. In *Nix*, Judge Singleton and I concluded that the supreme court had advised trial courts to grant a severance where similar offenses involving the same defendant had been joined for trial. However, we concluded that the failure to grant a severance was not automatically reversible error. We applied the following method in reviewing Nix's convictions:

> Consequently, we must determine whether evidence regarding the attack on each of Nix's alleged victims would have been admissible in the trial of each of the other charges if the charges had been separately tried. If there was common admissibility, then the trial court did not err in denying the motion for severance. Conversely, if evidence of one or more of the offenses could not have been admitted in a trial of the other offenses, then Nix suffered error. A reversal is mandatory if the error was prejudicial.

*Id.* at 1096. However, in *Nix* the majority opinion stated: "Given the uncertainty regarding the supreme court's intent in *Stevens* we would nevertheless urge trial courts to automatically grant severances hereafter at least until the supreme court clarifies its intent." *Id.* at 1095–96 n. 3. In dissent, Chief Judge Bryner concluded that, in *Stevens*, the supreme court had adopted a rule of automatic severance. *Id.* at 1102. Nix petitioned the supreme court for hearing. However, the court did not grant the petition.

In *Nix*, this court essentially found harmless error from the trial court's refusal to grant a severance. However, in the present case the trial court's refusal to grant a severance has been brought to our attention before trial. Given the supreme court's language in *Stevens*, we believe that it was error for the trial court to deny Johnson's motion for severance. We express no opinion on the admissibility of evidence of either of the alleged sexual assaults in a trial of the charges involving the other alleged victim.[3]

REVERSED.

---

3. It appears to us that there are considerations which support what we believe is the supreme court's policy in favor of severing for trial similar charges involving the same defendant. Admission of evidence of any prior bad act by the defendant is usually highly prejudicial. *See* A.R.E. 404(b); *Oksoktaruk v. State,* 611 P.2d 521, 524 (Alaska 1980); *Lerchenstein v. State,* 697 P.2d 312, 315 (Alaska App.1985), *aff'd.,* 726 P.2d 546 (Alaska 1986). A pretrial decision to try two similar cases in one trial involves a certain amount of speculation as to what the evidence presented at trial actually will show. Evidence that the defendant may have committed a similar offense to the one with which he is charged is a particularly prejudicial form of a prior bad act. The decision whether to admit evidence of a similar crime, therefore, can be made more accurately after the trial judge has seen the actual evidence which the prosecution has presented on a particular charge and has seen the defendant's actual defense to that charge.