Michelle L. GATES, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10032.

Court of Appeals of Alaska.

March 21, 2008.

Tracey Wollenberg, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

■ This case involves a defendant who is seeking credit against her sentence for time that she spent in two residential treatment programs while on bail release prior to her sentencing.

In *Nygren v. State*, 658 P.2d 141, 145–46 (Alaska App.1983), this Court held that a defendant is entitled to credit against their sentence for time spent in a treatment program while on pre-sentencing bail release if

that program imposes "substantial restriction[s] on [the defendant's] freedom of movement and behavior" that "approximat[e] those experienced by one who is incarcerated".[1]

The defendant in the present case, Michelle Gates, participated in two residential treatment programs at the order of the superior court before sentencing, but she failed to complete either program. The precise question raised in this appeal is whether Gates's failure to complete the programs bars her from obtaining *Nygren* credit for the time she spent in the programs.

This question turns on the proper interpretation of AS 12.55.027, a statute recently enacted by the Alaska Legislature to govern the awarding of *Nygren* credit.[2]

Subsection (a) of AS 12.55.027 declares that a court can grant a defendant credit toward their sentence for time spent in a treatment program, but only as provided in the statute. Subsection (c) of the statute sets out the test for whether the treatment program imposes such "substantial restrictions on a person's liberty [as to be] equivalent to incarceration".

The portion of the statute at issue in this appeal is subsection (b). This subsection states that, if a defendant has been ordered by a court to reside in a treatment facility as a condition of bail or probation, the court may grant one day of credit toward the defendant's sentence of imprisonment for each full day the defendant resided in the treatment facility and observed the rules of the treatment program and the facility "if ... the defendant ... has complied with the requirements of the [treatment] plan". AS 12.55.027(b)(3)(A).

The superior court denied Gates's request for *Nygren* credit because the court interpreted the foregoing subsection as forbidding the court from granting credit to a defendant who does not complete the treatment program. The superior court relied on the fact that subsection (b)(3)(A) requires a defen-

---

1. The first portion of this *Nygren* quotation is from *Lock v. State*, 609 P.2d 539, 545 (Alaska 1980).

2. This statute was enacted by SLA 2007, ch. 24, § 20, and it took effect July 1, 2007.

dant to prove that they "complied with the requirements of the [treatment] plan". The court reasoned that if a defendant is discharged from a treatment program, the defendant must necessarily have failed to comply with the requirements of the plan.

This is a reasonable interpretation of the wording of subsection (b). However, the State now concedes, based on an examination of the legislative history of AS 12.55.027, that this is not what the legislature intended. The State agrees with Gates that AS 12.55.027 "does not require that a defendant *complete* a court-ordered residential treatment program in order to obtain credit [against their sentence of imprisonment] for time spent in that program". "Joint Motion for Summary Disposition of [this] Criminal Appeal", page 2 (emphasis in the original).

■ Even though Gates and the State now agree on this interpretation of the statute, Alaska law obliges this Court to independently assess any confession of error by the State in a criminal appeal.[3] We have therefore examined the legislative history of this statute as reflected in the minutes of the various committee meetings at which the draft legislation (House Bill 90, 25th Legislature) was considered. In certain instances (described below), we have even listened to the audio recordings of committee proceedings.

Our review of this legislative history convinces us that the State's concession of error is correct. In particular, we agree with the assertion in Gates's opening brief that the minutes of the House Finance Committee from April 24, 2007 contain an erroneous description of the statements made to the Committee by Assistant Attorney General Anne Carpeneti.

According to the Finance Committee minutes, Ms. Carpeneti told the Committee that the proposed statute would require the director of the treatment program to "inform[ ] the court that the [defendant] *completed* the requirements of the program".[4] (Emphasis added) But the audio record shows that this is not what Carpeneti said to the Committee. Rather, Carpeneti stated that the proposed statute would require the director of the program to certify that the defendant "actually spent these days in this treatment program and *participated in* the program".[5]

(We note that Carpeneti said essentially the same thing to the House Judiciary Committee two weeks earlier, on April 10, 2007.)[6]

Based on the wording of the statute (taken as a whole), and based on the content of the legislative committee proceedings at which the proposed law was discussed, we agree with the parties that AS 12.55.027 awards credit to a defendant for each day of successful participation in a court-ordered treatment program that meets the requirements of subsection (c) of the statute, even though the defendant may ultimately be discharged from the program for misbehavior or non-compliance.

Accordingly, we REVERSE the decision of the superior court on this issue of statutory interpretation, and we REMAND Gates's case to the superior court for further consideration of her request for *Nygren* credit. We do not retain jurisdiction of this case.

**3.** *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972).

**4.** House Finance Committee minutes of April 24, 2007, available at:
http://www.legis.state.a k.us/basis/get_single_minute.asp?ch=H & beg_line=00085 & end_line=00534 & session=25 & comm=Fin & date=20070424 & time=1343.

**5.** Audio file of the proceedings of the House Finance Committee on April 24, 2007 @ 1:55:30–1:56:16. This audio file is available at:
http://www.legis.state.ak.us /basis/get_audio.asp?session=25 & chamber=H & comm=FIN & date1=4/24/2007 & start=1343 & bill=HB90
(At this web page, click on the link labeled "13:54:35".)

**6.** Audio file of the proceedings of the House Judiciary Committee on April 10, 2007 @ 1:35:30–1:35:56. This audio file is available at:
http://www.legis.state.a k.us/basis/get_audio.asp?session=25 & chamber=H & comm=JU D & date1=4/10/2007 & start=1302 & bill=HB90
(At this web page, click on the link labeled "13:33:11".)