**Nolan P. MOORE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10200.**

Court of Appeals of Alaska.

Oct. 2, 2009.

David D. Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Amy M. Williams, Assistant Attorney General, Criminal Division Central Office, and

---

Richard A. Svobodny, Acting Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

Around 1:00 in the morning on December 7, 2006, Nolan P. Moore entered a Tesoro service station located at the junction of the Parks Highway and Main Street in Wasilla. Brandishing a kitchen knife with a 6– to 8–inch blade, he demanded that the clerk give him money. When the clerk did not immediately comply, Moore pounded the hilt of the knife on the service counter and declared, "Money, now!" The clerk then surrendered the money in the till—an estimated $31, which included a two-dollar bill with a recorded serial number.

As soon as Moore left the service station, the clerk summoned the police. Moore was apprehended a few minutes later. The police brought the store clerk to the site of the arrest, and he identified Moore as the man who had just robbed him. During Moore's encounter with the police, a bundle of cash tumbled out of his pants leg. Among this cash was the two-dollar bill with the pre-recorded serial number.

Based on this incident, Moore was charged with two offenses. The first of these was first-degree robbery under AS 11.41.500(a)(1), for taking property from the store clerk's immediate presence and control by threatening the immediate use of force while armed with a deadly weapon (the knife). The second charged offense was third-degree assault under AS 11.41.220(a)(1)(A), for placing the store clerk in fear of imminent serious physical injury by means of a dangerous instrument (the knife).

Moore contested these charges at a jury trial, but he was convicted. In this appeal, Moore does not challenge the result of his trial, but he argues that the superior court committed two errors at his sentencing.

*Moore's argument that his first-degree robbery sentence should have been mitigated under AS 12.55.155(d)(9) (conduct among the least serious within the definition of the offense)*

At sentencing, Moore argued that his robbery sentence should be mitigated under AS 12.55.155(d)(9), the provision that applies when a felony defendant's conduct is among the least serious within the definition of the offense. The superior court rejected this proposed mitigator, and Moore now renews his claim on appeal.

In his brief to this Court, Moore presents a multi-faceted argument as to why his conduct should be considered among the least serious. Moore argues (1) that he did not use a gun, (2) that he did not injure anyone, (3) that the robbery was both unplanned and poorly executed, (4) that he was captured within minutes, (5) that he did not resist the police when they arrested him, (6) that the amount of money taken during the robbery was small, and (7) that all of this money was recovered.

However, with the exception of the first two of these arguments (*i.e.*, the fact that Moore did not use a gun, and that no one was injured), none of the arguments contained in Moore's brief were presented to the sentencing judge. At the sentencing hearing, Moore's substantive argument of this point was confined to the following:

> *Defense Attorney:* [L]east serious conduct ... would include the fact that [Moore] used a knife and not a firearm.... Obviously, the Court has seen the [store surveillance] video, [and] has seen the trial, [and] knows that ... he came into [the] store and brandished a knife—which I think is significantly different than pulling a firearm on people and pointing it in their direction.... There was also a counter in between [Moore] and the victim. So, in terms of a robbery, we feel that this would be the least serious robbery.... [Also,] nobody was injured....

In other words, the sentencing judge was only asked to consider the fact that Moore used a knife rather than a gun, that Moore and the store clerk were separated by a service counter, and that no one was harmed. Moore never asked the superior court to consider, or to rule on the validity of, the

other assertions of fact that he puts forward in his appellate brief.

However, the State appears to concede the accuracy of all of Moore's factual assertions except one: the assertion that the robbery was unplanned and poorly executed. Accordingly, with that one exception, we will overlook Moore's procedural default.

█ We begin our analysis by noting that it was Moore's burden to prove his proposed mitigating factor by clear and convincing evidence. *See* AS 12.55.155(f)(1). When we, as an appellate court, review the superior court's decision on this issue, we must accept the superior court's findings of historical fact unless those findings are shown to be clearly erroneous; but we independently assess the legal question of whether, given those facts, Moore's conduct was among the least serious within the definition of first-degree robbery. *See Michael v. State,* 115 P.3d 517, 519 (Alaska 2005).

Contrary to Moore's argument on appeal, it is not obvious that a robber wielding a large knife poses less of a danger than a robber wielding a firearm when, as here, the victim is within striking distance of the robber. A knife can be deadly at close quarters. Both firearms and knives are classified as "deadly weapons" for purposes of our criminal code. *See* AS 11.81.900(b)(17).

In an unpublished decision, *Dunnell v. State,*[1] we confronted a situation similar to the one presented in Moore's case. The defendant in *Dunnell* was convicted of first-degree robbery for committing two separate robberies while armed with a large kitchen knife. In one robbery, Dunnell displayed the knife but did not use it to injure his victim; in the other robbery, Dunnell merely held the knife in his coat pocket without displaying it.[2]

At sentencing, Dunnell argued that a knife was considerably less dangerous than a loaded firearm, and that therefore his conduct should be deemed among the least serious

within the definition of the offense—mitigator (d)(9).[3] This Court rejected Dunnell's argument that knives were inherently less dangerous than firearms. We held that the relevant issue, for purposes of evaluating the proposed mitigator, was the level of danger created or posed under the particular circumstances of Dunnell's case:

> [B]ecause first-degree robbery is primarily a crime against persons, the seriousness of the defendant's conduct must be gauged by the actual risk of physical injury created in each case. [Citation omitted] In the present case, this is precisely the manner in which [the sentencing judge] evaluated the seriousness of Dunnell's conduct. Given the level of risk arising from Dunnell's possession of a large kitchen knife during each of the robberies, we conclude that [the sentencing judge could properly decline] to find that Dunnell's conduct was among the least serious in its class.

*Dunnell,* slip opinion at 4, 1990 WL 10509494 at *2 (citations omitted).

In Moore's case, the superior court followed the same kind of analysis that we described in *Dunnell* when the court concluded that Moore had failed to prove mitigator (d)(9). The superior court rejected Moore's argument that robberies committed with knives were inherently among the least dangerous. And, with respect to the particular facts of Moore's case, the superior court noted that Moore "brandished [the] knife", "was aggressive" toward the store clerk, and "was pretty close to the clerk".

Given these facts, the superior court was justified in concluding that Moore failed to prove mitigator (d)(9).

*Moore's argument that he should not have received separate convictions and sentences for first-degree robbery and third-degree assault*

Moore argues that he should not have received separate convictions and sentences for first-degree robbery and third-degree assault; rather, the superior court should have

**1.** Alaska App. Memorandum Opinion No. 2122 (November 7, 1990), 1990 WL 10509494.

**2.** *Id.,* slip opinion at 1–2, 1990 WL 10509494 at *1.

**3.** *Id.,* slip opinion at 2, 1990 WL 10509494 at *1.

merged the jury's verdicts into one conviction for the greater offense, first-degree robbery.

Moore was prosecuted for first-degree robbery because, by threatening the immediate use of force, and while armed with a deadly weapon, he coerced the store clerk to surrender money that was in the clerk's immediate presence and control.[4] Moore was prosecuted for third-degree assault under AS 11.41.220(a)(1)(A)—that is, under the theory that he placed the store clerk in apprehension of imminent serious physical injury by means of a dangerous instrument (the knife).

In a series of unpublished decisions, we have repeatedly concluded that under these circumstances—that is, when the same threat of harm that is a component of the defendant's act of robbery is also separately charged as a third-degree assault against the same victim—the State is allowed to litigate both charges to the jury, but if the jury returns guilty verdicts on both charges, the double jeopardy clause of the Alaska Constitution requires that the verdicts be merged into one conviction and sentence. *See Sudbury v. State,*[5] *Tremont v. State,*[6] and *Holmes v. State.*[7]

Based on the reasoning found in these prior unpublished decisions, the State confesses error and agrees that Moore should have received only a single conviction and sentence for first-degree robbery. We conclude that the State's confession of error is well-founded,[8] and we now take the opportunity to issue a published decision confirming the rule that we previously applied in *Sudbury, Tremont,* and *Holmes.*

The superior court is directed to amend its judgement so that it reflects a single merged conviction for first-degree robbery based on the jury's two guilty verdicts on the robbery and assault charges. Because Moore's sentence for the assault was completely concurrent with his robbery sentence (in other words, the assault sentence did not increase Moore's composite sentence in any way), the elimination of this separate assault sentence should not require a re-examination of Moore's composite sentence.

### Conclusion

The judgement of the superior court is AFFIRMED IN PART AND REVERSED IN PART. We affirm the superior court's rejection of proposed mitigator (d)(9), but we agree that Moore is entitled to a merger of his convictions for first-degree robbery and third-degree assault. Accordingly, the superior court is directed to amend the judgement so as to eliminate Moore's separate conviction for third-degree assault.

---

**4.** *See* AS 11.41.510(a) (the basic definition of robbery—*i.e.*, second-degree robbery) and AS 11.41.500(a)(1) (defining first-degree robbery as any robbery where the perpetrator is armed with a deadly weapon).

**5.** Alaska App. Memorandum Opinion No. 5170 (January 31, 2007), slip opinion at pp. 8–10, 2007 WL 293129 at *4–5.

**6.** Alaska App. Memorandum Opinion No. 2880 (March 30, 1994), slip opinion at p. 5, 1994 WL 16196222 at *3.

**7.** Alaska App. Memorandum Opinion No. 616 (June 20, 1984), slip opinion at pp. 7–10, 1984 WL 908540 at *3–4.

**8.** *See Marks v. State*, 496 P.2d 66, 67–68 (Alaska 1972) (requiring an appellate court to independently assess any concession of error by the State in a criminal case).