NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter.* *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STATE OF ALASKA,

Petitioner,

v.

ROBERT DANIEL BELL,

Respondent.

Court of Appeals No. A-12693
Trial Court No. 3AN-12-5493 CR

O P I N I O N

No. 2592 — March 9, 2018

Petition for Review from the Superior Court, Third Judicial District, Anchorage, Jack W. Smith, Judge.

Appearances: A. James Klugman, Assistant District Attorney, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Petitioner. Jason A. Weiner, Gazewood & Weiner, P.C., Fairbanks, for the Respondent.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD.

In 2015, the Alaska legislature amended AS 12.55.027(d) to give trial courts the authority to grant credit against a sentence of imprisonment for time that the

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

defendant spent on electronic monitoring as a condition of bail release, provided that certain statutory requirements are met. One of these requirements is that the person "has not committed a criminal offense while under electronic monitoring."

In this petition, we are asked to review the superior court's decision to grant full credit under AS 12.55.027(d) to the defendant in this case, who was released multiple times on bail pending appeal under conditions that included electronic monitoring. For the reasons explained here, we affirm the superior court's order in part, reverse the superior court's order in part, and remand this case to the superior court for further proceedings consistent with the guidance provided here.

*Underlying facts*

Following a jury trial, Robert Daniel Bell was convicted of second- and third-degree theft for receiving a stolen computer.[1] Bell appealed his convictions to this Court, and we affirmed his convictions in an unpublished opinion issued on January 11, 2017.[2] Bell then petitioned the Alaska Supreme Court to hear his case; that petition was denied on May 9, 2017.[3] Thus, under Alaska Appellate Rules 507(b) and 512(a)(2)[b], our affirmance of Bell's conviction became final on May 10, 2017.

During the time that Bell's appeal was pending, Bell was granted bail pending appeal and he served what appears to have been three distinct periods of time on electronic monitoring. The first period of time (Period I) covered January 14, 2014 through June 6, 2014. This period ended because Bell was remanded to custody based

---

[1]  Second-degree theft under AS 11.46.100(4); AS 11.46.190; former AS 11.46.-130(a)(1) (2012) and third-degree theft under AS 11.46.100(3); AS 11.46.180; former AS 11.46.140(a)(1) (2012), respectively.

[2]  *Bell v. State*, 2017 WL 127985, at *4 (Alaska App. Jan. 11, 2017) (unpublished).

[3]  *See Bell v. State*, Supreme Court File No. S-16613.

on allegations that he violated the conditions of his release. However, Bell was re-released on electronic monitoring on July 18, 2014. This second period of time on electronic monitoring (Period II) was briefly interrupted by what appears to have been a remand by the electronic monitoring company (but not by the court) on August 15, 2014. Bell apparently returned to electronic monitoring on September 12, 2014 under the same court order as before. Bell's second period of electronic monitoring subsequently ended on November 21, 2014, when Bell was arrested and charged with third-degree theft, a new criminal offense to which Bell later pleaded guilty. Nearly a year and a half later, Bell was again granted bail pending appeal and released on electronic monitoring. This last period of time on electronic monitoring (Period III) continued from the date of his release on electronic monitoring (March 18, 2016) through the end of his appeal.

Invoking the provisions of AS 12.55.027(d), Bell asked the superior court to award him credit against his sentence of imprisonment for the time he spent on electronic monitoring under the court orders granting him bail release pending appeal. Over the State's objections, the superior court granted Bell credit for the entire time he spent on electronic monitoring, with the exception of one day — the day on which Bell committed the third-degree theft that he was later convicted of.

The State petitioned this Court to review the superior court's ruling. We granted the petition and requested supplemental briefing on the factual basis for the State's objections to the superior court's decision.

In its supplemental briefing, the State concedes that Bell is entitled to credit for Period III — the time from March 18, 2016 until May 10, 2017. We conclude that

the State's concession is well-founded,[4] and we therefore affirm that portion of the superior court's order.

We also agree with the State that the superior court had no authority to grant Bell credit against his sentence for Period II, because Bell's release on electronic monitoring for that time period was terminated based on his commission of a new crime. Accordingly, we reverse that portion of the superior court's order.

However, we conclude that further proceedings are required to determine if Bell is entitled to receive credit against his sentence for Period I. We therefore vacate that portion of the superior court's order, and remand this case to the superior court for further proceedings consistent with the guidance provided here.

*Why we conclude that Bell is entitled to credit for Period III*

Alaska Statute 12.55.027(d) authorizes trial courts to award credit against a defendant's sentence for the time a defendant spends on bail release if the conditions of release include electronic monitoring, and if the conditions of release are otherwise sufficiently restrictive.

Here, the parties do not dispute that Bell's electronic monitoring conditions were sufficiently restrictive to qualify for credit under AS 12.55.027(d). The parties also agree that Bell did not commit a crime during Period III of his bail release — *i.e.*, after Bell was released for the last time on electronic monitoring on March 18, 2016.

On this basis, the State concedes that Bell is entitled to credit against his sentence for Period III (from March 18, 2016 until May 10, 2017). We agree.

---

[4]    *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently assess any concession of error by the State in a criminal case).

*Why we conclude that Bell is not entitled to credit for Period II*

Under the terms of AS 12.55.027(d), a trial court may not grant credit for time spent on electronic monitoring if the defendant "has ... committed a criminal offense while under electronic monitoring."

Here, the parties agree that Bell committed a new crime while he was released on electronic monitoring. On November 21, 2014, Bell was arrested for third-degree theft — and this arrest ended Period II of Bell's bail release. Bell later pleaded guilty to this offense.

Bell argues that AS 12.55.027(d) should not be interpreted as requiring a complete forfeiture of credit if a defendant on electronic monitoring commits a new offense. Rather, Bell contends that the statute was intended to give trial courts the discretion to determine how much credit a defendant should lose if the defendant commits a new crime while on electronic monitoring.

We disagree. Bell's interpretation is at odds with the language of the statute. Alaska Statute 12.55.027(d) declares that a defendant's *commission* of a new crime is a circumstance that deprives a trial court of the authority to grant credit against a defendant's sentence for time spent on electronic monitoring. The statute does not require that the defendant be formally charged with that criminal offense, or that the defendant be separately convicted of that offense.

Moreover, the legislative history of AS 12.55.027(d) shows that the legislature intended for a defendant to forfeit all of their credit in the event that the defendant committed a criminal offense while on electronic monitoring. In her introductory remarks to the House Judiciary Committee, the sponsor of this legislation — Rep. Tammie Wilson — stated that the legislation was intended to offer an incentive to defendants in the form of credit for time spent on electronic monitoring before trial,

but "if you commit another crime when you're on electronic monitoring, you do not get [credit]."[5]

At the next hearing in front of the Judiciary Committee, Rep. Wilson again stated that "if the person has committed another criminal offense, [he] won't be able to get any kind of [credit]."[6] This intent was also reflected in the "Explanation of Changes" for the updated version of the bill, which stated that the new version "amends AS 12.55.027(d) to include language that clarifies that defendants can only receive credit against a sentence of imprisonment if the individual has not committed a criminal offense while under electronic monitoring."[7]

After the bill was referred to the House Finance Committee, Rep. David Guttenberg asked if a defendant would lose credit for electronic monitoring if the defendant violated *any* condition of bail, even if the violation of bail conditions did not independently constitute a crime.[8] Rep. Wilson explained that a violation of bail conditions constituted a crime under Alaska law and she stated unequivocally "that while you're on the ankle monitor, you can't commit another crime and expect to get any [credit]."[9]

---

[5] Minutes of House Judiciary Comm., House Bill 15, remarks of Rep. Tammie Wilson, 02:05:04-02:05:12 (Feb. 20, 2015).

[6] Minutes of House Judiciary Comm., House Bill 15, remarks of Rep. Tammie Wilson, 01:09:08-01:09:18 (Mar. 18, 2015).

[7] Explanation of Changes for CSHB 15 ver. P, House Bill 15, Rep. Tammie Wilson, House Judiciary Comm. Hearing (Mar. 18, 2015).

[8] Minutes of the House Finance Comm., House Bill 15, remarks of Rep. David Guttenberg 02:35:15-02:36:00 (Apr. 6, 2015).

[9] *Id.*, testimony of Rep. Tammie Wilson, 02:36:01-02:36:16.

At the next hearing, Rep. Les Gara introduced an amendment to include third-party custodian release as an opportunity for a defendant to receive credit toward their sentence, so long as the defendant is under the same restrictions as defendants on electronic monitoring.[10] In explaining his amendment, Rep. Gara declared that his understanding of the proposed bill was that, if a defendant who was on electronic monitoring violated a bail condition or committed a new crime, the defendant would not receive credit against their sentence.[11] No one contradicted Rep. Gara's understanding of this point.

After the bill was sent to the Senate, Sen. Bill Wielechowski specifically asked if a defendant would lose all of their credit if they violated a condition of their release, or if the defendant would lose just the credit for the day of the violation and no more.[12] (When Sen. Wielechowski asked this question, he noted that this might well be an issue where the courts would look for evidence of legislative intent.[13]) The Alaska Court System's representative, Nancy Meade, responded to the senator's question by stating her belief that, the way the statute was worded, the commission of another criminal offense meant that the defendant lost all credit.[14]

When Rep. Wilson joined the hearing, Sen. John Coghill asked if the intent of the bill was to have a defendant lose all credit if they committed a crime while on

---

[10] Minutes of the House Finance Comm., House Bill 15, remarks of Rep. Les Gara 02:24:55-02:28:48 (Apr. 10, 2015).

[11] *Id.* at 02:27:08-02:27:19. Rep. Gara's amendment failed in a roll call vote. *Id.* at 02:42:00-02:42:57.

[12] Minutes of the Senate Judiciary Comm., House Bill 15, remarks of Sen. Bill Wielechowski, 02:26:50-02:27:08 (Apr. 15, 2015).

[13] *Id.*, 02:27:30-02:27:42.

[14] *Id.*, testimony of Nancy Meade, 02:27:08-02:27:26.

electronic monitoring, or whether the loss of credit "should ... be prorated?"[15]  Rep. Wilson answered that the courts would ultimately have to decide that question, but that her intent was to "make them lose it all, because I think that's a bigger incentive [if] it's an all-or-nothing."[16]

At the Senate Judiciary Committee's final hearing on the bill, Sen. Lesil McGuire noted that the committee had received a legal memo on the only outstanding issue.[17]  This memo was authored by Doug Gardner of the Legislative Affairs Agency and had been requested by the committee.[18]  Gardner's memo stated unequivocally that, given the current wording of the bill, a defendant would forfeit any and all credit if the defendant committed a crime while on electronic monitoring.[19]  The memo declared that there was "nothing ambiguous" about the wording of the bill, and that it was not necessary to insert further language into the bill to address this issue.[20]  The senate committee accepted this position, adopted it as their understanding of the bill, and passed the bill out of committee.[21]

---

[15]  *Id.*, remarks of Sen. John Coghill, 02:39:14-02:39:54.

[16]  *Id.*, testimony of Rep. Tammie Wilson, 02:39:54-02:40:10.

[17]  Minutes of Senate Judiciary Comm., House Bill 15, remarks of Sen. Lesil McGuire, 4:11:58-4:12:05 (Apr. 17, 2015).

[18]  Memorandum from Doug Gardner, Director of Legal and Res. Serv. for the Legis. Aff. Agency to Sen. Lesil McGuire for House Bill 15 (Apr. 16, 2015).

[19]  *Id.*

[20]  *Id.*

[21]  Minutes of Senate Judiciary Comm., House Bill 15, remarks of Sen. John Coghill and Sen. Lesil McGuire, 04:13:13-04:14:06 (Apr. 17, 2015).

From all of this, it is clear that the legislative intent of AS 12.55.027(d) was to deny any credit to a defendant who commits a new crime while on electronic monitoring.[22]

It is true, as Bell points out, that there were some legislative comments in the earlier hearings suggesting that this issue would ultimately have to be resolved by judicial interpretation. But these comments occurred prior to the clarification provided by Doug Gardner's legal memo. Moreover, a review of the final committee hearing before the Senate Judiciary Committee indicates that the legislation would not have passed out of committee and been enacted into law without the clarification provided by the Gardner memo.

Bell argues in the alternative that his commission of a new criminal offense in November 2014 should not bar the court from granting him credit for the first part of Period II — that is, to the period of time after he was first re-released on electronic monitoring and was remanded to custody by the electronic monitoring company, only to return to the same electronic monitoring conditions a month and a half later.[23]

The State argues that this type of voluntary interruption in the time spent on electronic monitoring should not mean that the defendant's eligibility for credit under AS 12.55.027(d) begins anew when he returns to electronic monitoring under the same bail release order as before. Instead, the State argues that the time "spent under

---

[22] *See State v. Fyfe*, 370 P.3d 1092, 1094-95 (Alaska 2016); *Muller v. BP Expl. (Alaska) Inc.*, 923 P.2d 783, 787 (Alaska 1996); *Beck v. State, Dep't of Transp. & Pub. Facilities*, 837 P.2d 105, 116 (Alaska 1992).

[23] We note that the current record does not explain why this remand occurred. The State has characterized it as a "voluntary remand" and Bell did not dispute this characterization at the oral argument held on this appeal. It is possible that Bell may have been remanded because he was temporarily unable to pay for his electronic monitoring program.

electronic monitoring" for purposes of determining eligibility for credit under AS 12.55.027(d) should be defined in terms of the court order that grants the defendant the bail release on electronic monitoring. In other words, a new period of time "spent under electronic monitoring" does not occur unless it is accompanied by a *new* determination of the defendant's suitability for bail release on electronic monitoring and a *new* court order allowing that release.

The State argues that such an approach is most consistent with the underlying legislative purpose of AS 12.55.027(d), which was to motivate defendants to obey the law and comply with the conditions of their court-ordered bail release while under electronic monitoring. The State also points out that if the rule were otherwise, a defendant would be able to improperly "bank" his credit under AS 12.55.027(d) by periodically remanding himself to custody only to be released a few days later under the same court order and the same electronic monitoring conditions.

We agree that this type of manipulation would be contrary to the legislative purpose underlying AS 12.55.027(d) and we therefore adopt the State's proposed rule for determining when a defendant's "time on electronic monitoring" under AS 12.55.-027(d) begins and ends.

On appeal, Bell does not dispute the State's contention that the two periods of time he spent on electronic monitoring during Period II were governed by the same court order. Accordingly, we conclude that Bell's commission of a new crime at the end of Period II bars him from receiving any credit for the entirety of Period II.

*Why we conclude that further proceedings are required to determine if Bell is entitled to receive credit for Period I*

Period I of Bell's electronic monitoring release came to an end on June 6, 2016, when he was taken into custody for allegedly violating the conditions of his

release. There do not appear to be any findings in the record regarding whether Bell violated his bail conditions as alleged, or whether those violations constituted criminal offenses.

We therefore remand Bell's case to the superior court so that the court can make findings regarding these alleged violations of the conditions of Bell's release. As already explained, Bell need not have been formally charged or actually convicted of violating the conditions of his release under AS 11.56.757 in order for Bell to be found to have committed these violations for purposes of making him ineligible to receive credit under AS 12.55.027(d).

However, Bell is entitled to notice of the alleged violations and the factual basis for those allegations.[24] On remand, therefore, the State must produce the evidence it believes shows that Bell would be found guilty of violating the conditions of his release had such a charge been brought. To be clear, this is only a burden of production, not a burden of persuasion. The State is therefore not required to put on witnesses or to actually prosecute Bell for violating the conditions of his release. Instead, the State may rely on hearsay reports or other forms of evidence that can be shown to be reliable, even if the evidence would not be admissible at a criminal trial.

Once the State has fulfilled this burden of production and has presented a prima facie case that Bell would be found guilty of violating the conditions of his release under AS 11.56.757, the burden then shifts to Bell to prove, by a preponderance of the evidence, that the State's proffered evidence is insufficient or otherwise unreliable and that he did not commit any of the alleged violations of the conditions of his release.[25]

---

[24] Alaska Const. art. 1, § 11.

[25] *Cf.* AS 12.55.027(e).

*Conclusion*

The superior court's ruling is AFFIRMED in part, REVERSED in part, and VACATED in part. Bell is entitled to credit for Period III of the time he spent on electronic monitoring. Bell is not entitled to credit for Period II. And with respect to Period I, the case is REMANDED for further proceedings consistent with the guidance provided here.