Judge ALLARD, concurring.
I agree that Belknap should be given an opportunity to litigate his claim for the sentencing credit with the assistance of counsel. I write separately only to provide additional guidance on some of the legal issues presented by this case.
Belknap is correct that there is no definition of "electronic monitoring" in the statute. However, Belknap misreads the legislative history on this matter. On appeal, Belknap points to various committee minutes in which the legislature discussed, but did not decide, whether "electronic monitoring," for purposes of AS 12.55.027(d) should be restricted to the traditional steel cuff ankle monitor used by the Department of Corrections.[1] But these discussions were framed in terms of not wanting to limit the courts if there were technological advancements that could provide the same level of supervision as provided by the traditional steel cuff monitor. Thus, in those discussions, the sponsor of the bill, Rep. Tammie Wilson, explained that the bill did not include a specific definition of "electronic monitoring" because the technology kept advancing and she did not want to limit the courts in deciding which technology to use in a particular case.[2] There is nothing in those discussions to suggest that the legislature was willing to approve an electronic monitoring system that provided less supervision than the supervision provided by the traditional steel cuff ankle monitoring used by the Department of Corrections.
Instead, as the State points out, there are other discussions in the legislative history suggesting that the legislature was only interested in granting sentencing credit to monitoring systems that were at least as reliable and as accurate as the traditional 24-hour GPS-based steel cuff ankle monitoring system. For example, the legislature dismissed the idea that credit could be given to a person whose movements were tracked by a smart phone's GPS system.[3] The legislature concluded that such a system would not be sufficiently reliable because the defendant could easily circumvent the system by handing the phone to another person.[4]
The legislature likewise rejected an amendment proposed by Rep. Les Gara that would have extended sentencing credit to defendants who were monitored by 24-hour live third-party custodians.[5] Rep. Gara proposed this amendment because there are places in rural Alaska that do not have adequate GPS coverage to support electronic monitoring.[6] Although various legislators expressed concerns about the fact that some rural Alaskans would be excluded from the benefits of AS 12.55.027(d), the legislature ultimately rejected the amendment, concluding that third-party custodians were not as reliable as electronic monitoring and that third-party custodians could not provide the kind of instantaneous reporting of location violations that a 24-hour GPS-based system could.[7]
*1162 Given this legislative history, it appears that Belknap faces an uphill battle in demonstrating that the modified SCRAM-only monitoring program was sufficiently comprehensive to qualify as "electronic monitoring" under AS 12.55.027(d). I also note that Belknap's apparent drug use while on the modified SCRAM-only program presents a separate obstacle that Belknap must also overcome before he can be found eligible for the additional sentencing credit he seeks.[8]

See Minutes of House Judiciary Comm., House Bill 15, Remarks of Rep. Gabrielle LeDoux and Rep. Tammie Wilson, 01:36:33-01:38:00 (Mar. 18, 2015).

Id.

See Minutes of House Finance Comm., House Bill 15, Remarks of Rep. Tammie Wilson, Remarks of Rep. Lynn Gattis, Remarks of Nancy Meade, General Counsel, Alaska Court System, 02:35:49-02:45:37 (Apr. 10, 2015).

See Minutes of House Finance Comm., House Bill 15, Remarks of Rep. Lynn Gattis, 02:45:25-02:45:37 (Apr. 10, 2015).

Minutes of House Finance Comm., House Bill 15, Remarks of Rep. Les Gara, 02:31:14-02:31:23, 02:46:54-02:47:30 (Apr. 10, 2015).

Id. at 02:13:30-02:14:22.

Minutes of House Finance Comm., House Bill 15, Remarks of Rep. Tammie Wilson, 02:33:54-02:34:55; Testimony of Nancy Meade, General Counsel, Alaska Court System, 02:45:55-02:46:09 (Apr. 10, 2015).

AS 12.55.027(d) ("A court may grant credit against a sentence of imprisonment for time spent under electronic monitoring if the person has not committed a criminal offense while under electronic monitoring ..."); see also State v. Bell , 421 P.3d 128, 133-34, Op. No. 2592, 2018 WL 1221458, at *5 (Alaska App. Mar. 9, 2018) (explaining that the State bears the burden of production regarding any alleged new criminal offenses but the defendant bears the ultimate burden of persuasion).