NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| JESSE LEELAND RICE,<br><br>                  Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>                  Appellee. | Court of Appeals No. A-14112<br>Trial Court No. 3KN-19-00095 CR<br><br>**O P I N I O N**<br><br>No. 2796 — January 17, 2025 |

Appeal from the Superior Court, Third Judicial District, Kenai, Jason M. Gist, Judge.

Appearances: Tristan Bordon, Assistant Public Defender, and Terrence Haas, Public Defender, Anchorage, for the Appellant. Kayla H. Doyle, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Harbison and Terrell, Judges.

Judge ALLARD.

Jesse Leeland Rice was convicted, following a jury trial, of third-degree weapons misconduct for possessing a concealable firearm as a felon, and first-degree

criminal trespass for unlawfully entering into his neighbor's house.[1] Rice appeals his third-degree weapons misconduct conviction, arguing, *inter alia*, that the superior court violated his right to confrontation when it allowed the State to introduce hearsay statements from Rice's romantic partner who was unavailable to testify.

At trial, the superior court correctly recognized that the statements were testimonial and therefore inadmissible under the Confrontation Clause. But the court allowed the State to introduce the statements during redirect because the court ruled that the defense attorney had "opened the door" to their admission by cross-examining the trooper about the romantic partner's reaction to seeing the handgun.

On appeal, the State concedes that admission of the statements was error under *Hemphill v. New York*.[2] We agree and conclude that the State's concession of error is well-founded.[3] Accordingly, we reverse Rice's conviction for third-degree weapons misconduct.[4]

*Relevant facts*

While responding to a report of a burglary in progress, the Alaska State Troopers discovered Jesse Leeland Rice, a convicted felon, inside his neighbor's residence. After arresting Rice, the troopers obtained and executed a search warrant for his residence. During the search, troopers discovered a handgun in the bedroom that

---

[1]  AS 11.61.200(a)(1) and AS 11.46.320(a)(2), respectively.

[2]  *Hemphill v. New York*, 595 U.S. 140, 153-54 (2022) (holding that otherwise inadmissible testimonial hearsay statements were not admissible under the theory that the defendant "opened the door" to them).

[3]  *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring appellate courts to independently assess whether the State's concession of error in a criminal case "is supported by the record on appeal and has legal foundation").

[4]  Because we are reversing Rice's conviction, we do not reach the other two issues he has raised on appeal.

Rice shared with his romantic partner, Jennifer Friendshuh. Friendshuh, who was also a convicted felon, denied ownership of the handgun. Both Rice and Friendshuh were charged with third-degree weapons misconduct for being felons in possession of a concealable firearm.[5] Rice was also charged with, *inter alia*, first-degree burglary, fourth-degree theft, and fourth-degree criminal mischief.[6]

Rice went to trial alone. The trial was bifurcated. At the first stage of trial, the jury acquitted Rice of the burglary, theft, and criminal mischief charges, but convicted him of the lesser-included charge of first-degree criminal trespass. The State presented its case for the third-degree weapons misconduct charge at the second stage of trial. Before this phase of the trial began, the State moved to introduce an audio recording of statements that Friendshuh made to Sergeant Casey Hershberger in which she denied ownership of the handgun. The State acknowledged that Friendshuh was unavailable to testify at trial, but argued that her hearsay statements were admissible under the hearsay exceptions for excited utterances and present sense impressions.

The superior court ruled that Friendshuh's statements were testimonial because they were made in response to police questioning, and therefore inadmissible under the federal and state Confrontation Clauses unless Friendshuh testified. The superior court noted, however, that the defense could potentially "open the door" to introduction of her statements through its cross-examination of the trooper.

During his direct examination of Sergeant Hershberger, the prosecutor was careful not to elicit any testimony about Friendshuh's statements. However, during cross-examination, in response to a question from the defense attorney about Friendshuh's physical reaction to seeing the handgun, Sergeant Hershberger referred to Friendshuh's statements. In response, the prosecutor argued that the defense attorney

---

[5]   AS 11.61.200(a)(1).

[6]   AS 11.46.300(a)(1), AS 11.46.150, and AS 11.46.484(a)(1), respectively.

had "opened the door" to the admission of Friendshuh's statements. The superior court agreed. The prosecutor then played the recording of Friendshuh's statements during redirect.

The jury subsequently convicted Rice of third-degree weapons misconduct. This appeal followed.

*The State's concession that the superior court's ruling was error under* <u>Hemphill v. New York</u>

The Confrontation Clauses of the Sixth Amendment to the United States Constitution and Article I, Section 11 of the Alaska Constitution provide a criminal defendant the bedrock right "to be confronted with the witnesses against him."[7]

Prior to 2004, federal and state case law permitted the admission of hearsay statements of an unavailable witness so long as those statements had "adequate indicia of reliability."[8] Statements were considered to have adequate indicia of reliability if they fell "within a firmly rooted hearsay exception" or otherwise bore "particularized guarantees of trustworthiness."[9]

In 2004, the United States Supreme Court issued *Crawford v. Washington*, which held that the Confrontation Clause bars the admission of "testimonial" hearsay statements against a criminal defendant unless (1) the hearsay declarant is available to be cross-examined, or (2) the government establishes that the hearsay declarant is unavailable, and the defendant had a prior opportunity to cross-examine the declarant.[10]

---

[7]   U.S. Const. amend. VI; Alaska Const. art. I, § 11.

[8]   *Linton v. State*, 880 P.2d 123, 129 (Alaska App. 1994) (internal quotations omitted) (quoting *Ohio v. Roberts*, 448 U.S. 56, 66 (1980), *abrogated by Crawford v. Washington*, 541 U.S. 36 (2004)).

[9]   *Id.* (quoting *Roberts*, 448 U.S. at 66).

[10]   *Crawford*, 541 U.S. at 68.

Subsequent decisions by the Court further clarified when a hearsay statement is "testimonial."[11]

Then, in 2022, the United States Supreme Court issued *Hemphill v. New York*, which addressed the question of whether a defendant can "open the door" to otherwise inadmissible testimonial hearsay statements.[12] As a general matter, a party is considered to have "opened the door" to otherwise inadmissible evidence if the party's presentation creates a misleading impression that requires correction with the inadmissible material.[13] The Court concluded, however, that the principle of "opening the door" was directly at odds with the Confrontation Clause, which "commands . . . that reliability be assessed in a particular manner: by testing in the crucible of cross-examination."[14] Put simply, "[t]he Confrontation Clause requires that the reliability and veracity of the evidence against a criminal defendant be tested by cross-examination, not determined by a trial court."[15]

The Court therefore held that the trial court erred by admitting unconfronted testimonial hearsay evidence against Hemphill, over Hemphill's objection, "simply because the judge deemed [Hemphill's] presentation to have created a misleading impression that the testimonial hearsay was reasonably necessary to

---

[11] *See Davis v. Washington*, 547 U.S. 813, 822 (2006) (holding statements are nontestimonial when their primary purpose is to help police "meet an ongoing emergency," but are testimonial when their primary purpose "is to establish or prove past events potentially relevant to later criminal prosecution").

[12] *Hemphill v. New York*, 595 U.S. 140, 143-44 (2022).

[13] *See Lamont v. State*, 934 P.2d 774, 781-82 (Alaska App. 1997) (recognizing that the doctrine of curative admissibility permits the admission of otherwise inadmissible evidence if the door is opened by a misleading presentation of the facts).

[14] *Hemphill*, 595 U.S. at 152 (quoting *Crawford*, 541 U.S. at 61).

[15] *Id.* at 156.

correct."[16] In other words, the Sixth Amendment "admits no exception for cases in which the trial judge believes unconfronted testimonial hearsay might be reasonably necessary to correct a misleading impression."[17]

The Court explained that, despite the State's claims to the contrary, its broad holding did not leave prosecutors without recourse to protect against abuses of the right to confrontation.[18] The Court noted that "well established rules" generally preclude introduction of hearsay statements, and allow judges to exclude otherwise admissible evidence "if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury."[19] Moreover, courts retain the power to withdraw or strike evidence already admitted, or to issue a curative instruction, when the prejudicial or misleading nature of the evidence becomes apparent only after admission.[20]

The Court also explained that it was not addressing the validity of the common law rule of completeness as applied to testimonial hearsay because the facts in *Hemphill* did not involve the admission of part of a prior statement.[21] Thus, whether and under what circumstances the common law rule of completeness might allow the

---

[16]  *Id.* at 153, 156.

[17]  *Id.* at 154.

[18]  *Id.* at 155.

[19]  *Id.* (quoting *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006)).

[20]  *Id.*

[21]  *Id.*; *see also Steven v. State*, 539 P.3d 880, 886-87 (Alaska App. 2023) (explaining that the common law rule of completeness permits a party to introduce the remainder of a writing or statement to provide a complete understanding and prevent statements from being introduced out of context and in a misleading fashion).

admission of testimonial hearsay against a criminal defendant was left open by the Court.[22]

Rice argues that *Hemphill* controls the outcome of his case, and he asserts that it was error under *Hemphill* for the superior court to admit Friendshuh's otherwise inadmissible testimonial statements on the ground that the defense "opened the door" to these statements. The State concedes error, and further concedes that the error was not harmless beyond a reasonable doubt given Rice's defense that he did not own the handgun found in the bedroom he shared with Friendshuh. We agree admission of Friendshuh's statements was error under *Hemphill*, and therefore conclude that the State's concession is well-founded. Accordingly, we reverse Rice's conviction for third-degree weapons misconduct.

*Conclusion*

The judgment of the superior court is REVERSED.

---

[22] *Hemphill*, 595 U.S. at 155-56.