NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

GERALD L. MCGOWEN,

                          Appellant,

          v.

STATE OF ALASKA,

                          Appellee.

Court of Appeals No. A-10769
Trial Court No. 3PA-06-538 CR

O P I N I O N

No. 2477 — September 25, 2015

Appeal from the Superior Court, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances: Tracey Wollenberg, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

_____

[*]  Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

In March 2006, the Alaska State Troopers executed a search warrant on Gerald L. McGowen's home, seizing 26 marijuana plants, three baggies of marijuana weighing a total of 11.2 grams, and equipment used to grow and process marijuana. Based on this evidence, McGowen was charged with four counts of misconduct involving a controlled substance in the fourth degree under four alternative theories in AS 11.71.040(a).

Count I charged McGowen with knowingly manufacturing one ounce or more of marijuana.[1] Count II charged McGowen with knowingly possessing one pound or more of marijuana.[2] Count III charged McGowen with knowingly possessing twenty-five or more marijuana plants.[3] And Count IV charged McGowen with maintaining a structure for the purpose of keeping or distributing controlled substances in violation of a felony provision of the drug laws.[4] The jury convicted McGowen of all charges.

At McGowen's sentencing, the superior court properly merged Count IV (maintaining a structure for keeping or distributing controlled substances) with the other three counts.[5] This left McGowen with separate convictions on Counts I, II, and III. The superior court imposed 3 years with 1 year suspended on each count, to be served concurrently.

---

[1]   AS 11.71.040(a)(2).

[2]   Former AS 11.71.040(a)(3)(F) (pre-June 2006 version).

[3]   AS 11.71.040(a)(3)(G).

[4]   AS 11.71.040(a)(5).

[5]   *See Rofkar v. State*, 305 P.3d 356, 358-59 (Alaska App. 2013).

McGowen appealed his convictions to this Court on various grounds, but he did not argue that his three convictions should merge. This Court affirmed McGowen's convictions in an unpublished opinion.[6]

McGowen then filed a petition for hearing to the Alaska Supreme Court, arguing for the first time that under the double jeopardy clause of the Alaska Constitution his three convictions should merge because they were all based on the same underlying conduct.

The supreme court remanded McGowen's case to this Court, directing us to determine whether McGowen's double jeopardy claim had merit. We, in turn, ordered the parties to submit supplemental briefs on this issue.

*Why we conclude that all three counts must merge*

In its supplemental brief, the State concedes that McGowen's conviction on Count II (possessing one pound or more of marijuana) must merge with his conviction on Count III (possessing 25 or more marijuana plants) because both counts were based on McGowen's possession of the same marijuana.[7] This concession is well-founded.[8]

The State contends, however, that McGowen's conviction on Count I (for manufacturing one ounce or more of marijuana) should not merge with his convictions for possessing marijuana. The State argues that Count I is distinct because it required proof both that McGowen grew the marijuana, and that he did so with the intent to sell

---

[6]  *McGowen v. State*, 2012 WL 5275022 (Alaska App. Oct. 24, 2012) (unpublished).

[7]  *See Atkinson v. State*, 869 P.2d 486, 495 (Alaska App. 1994).

[8]  *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (holding that when the State concedes error in a criminal case, the appellate court must independently assess whether the State's concession is well-founded).

the marijuana, rather than to consume it himself. (Alaska Statute 11.71.040(a)(2) prohibits "manufactur[ing] or deliver[ing], or possess[ing] with intent to manufacture or deliver," one ounce or more of marijuana. The statutory definition of "manufacture" excludes growing marijuana for personal use.[9])

We addressed a similar argument in *Atkinson v. State*.[10] The defendant in *Atkinson* was convicted of two counts of misconduct involving a controlled substance in the fourth degree. Count I was for manufacturing or possessing with intent to deliver one ounce or more of marijuana under AS 11.71.040(a)(2).[11] Count II was for possessing one pound or more of marijuana under former AS 11.71.040(a)(3)(F).[12] Both counts were based on the same marijuana. We concluded that the two counts must merge because they alleged alternative statutory theories of the same crime and were "based on a single act of possession involving the same marijuana."[13] In reaching this conclusion, we relied on case law from another jurisdiction, which held that it was impermissible to impose separate convictions for (1) possessing a drug with intent to sell and (2) simply possessing the same drug.[14]

In a footnote in *Atkinson*, we left open the possibility that merger might not have been required if the jury's verdict on Count I had specified that Atkinson was convicted of manufacturing marijuana (*i.e.*, growing marijuana with intent to sell) rather

---

[9] *See* AS 11.71.900(13)(A).

[10] *Atkinson*, 869 P.2d at 495.

[11] *Id.* at 490.

[12] *See* ch. 53, § 7, SLA 2006 (amending AS 11.71.040(a)(3)(F) to prohibit possession of four ounces of marijuana, rather than one pound).

[13] *Atkinson*, 869 P.2d at 495.

[14] *Id.*

than possession with intent to sell.[15] The State now relies on this footnote to argue that merger is not required in McGowen's case. But, although there may be circumstances in which manufacturing and possessing marijuana are distinct criminal acts under the double jeopardy clause, those circumstances are not present here.

Here, McGowen was convicted of growing marijuana with the intent to sell and also separately convicted of possessing *that same marijuana* once it was grown.

(We note that the prosecutor used other evidence seized from McGowen's home — in particular, three baggies of marijuana separated into one-eighth ounce portions, and $600 in cash — to argue that the marijuana McGowen grew was for sale rather than for personal use. But, as McGowen points out, these baggies of marijuana could not support his conviction on Count I, because they did not satisfy the one-ounce threshold required to charge a defendant with manufacturing marijuana under AS 11.71.040(a)(2).)

Because we see no reason to distinguish, for purposes of double jeopardy, between McGowen's act of growing marijuana and his act of possessing that same marijuana once it was grown, we conclude that McGowen's conviction for manufacturing marijuana must merge with his convictions for possessing the same marijuana.

*Conclusion*

We direct the superior court to merge Counts I, II, and III — *i.e.*, to enter one merged conviction for misconduct involving a controlled substance in the fourth degree based on the jury's four guilty verdicts.

---

[15] *Id.* at 495 n.6.