Jorge CALANTAS, Appellant,

v.

STATE of Alaska, Appellee.

No. 3663.

Supreme Court of Alaska.

March 21, 1980.

Dana Fabe, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

William H. Hawley, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION ON REHEARING

BURKE, Justice.

In *Calantas v. State*, 599 P.2d 147 (Alaska 1979), we affirmed appellant's conviction on two counts of assault with intent to kill. He now petitions for rehearing, contending, among other things, that he was entitled to a reversal of those convictions under the United States Supreme Court's recent holding in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).[1]

In *Sandstrom*, the defendant was accused of "deliberate homicide," in an information charging that he "purposely or knowingly cause the death of Annie Jessen." *Id.* at 512, 99 S.Ct. at 2453, 61 L.Ed.2d at 43. At the request of the prosecution the trial judge instructed the jury, over objection, that "the law presumes that a person intends the ordinary consequences of his voluntary acts." *Id.* at 513, 99 S.Ct. at 2453, 61 L.Ed.2d at 44. The defendant was convicted and the Montana Supreme Court affirmed his conviction, rejecting the defendant's argument that that instruction impermissibly shifted to the defendant the burden of disproving an element of the crime charged, *i. e.*, that the killing was done purposely or knowingly.[2] The United States Supreme Court granted *certiorari* and reversed, holding that the trial court's instruction was unconstitutional in that it violated the Fourteenth Amendment's requirement that the state prove every element of a criminal offense beyond a reasonable doubt:

> Sandstrom's jurors were told that "the law presumes that a person intends the ordinary consequences of his voluntary acts." *They were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it.*

*Id.* at 515, 99 S.Ct. at 2454, 61 L.Ed.2d at 45 (emphasis added). The instruction, the Court reasoned, could have been interpreted by reasonable jurors to mean either that the presumption was "irrebuttable" or "as a direction [by the court] to find [the required] intent upon proof of the defendant's voluntary actions (and their 'ordinary' consequences), unless *the defendant* proved the contrary by some quantum of proof." *Id.* at 517, 99 S.Ct. at 2456, 61 L.Ed.2d at 47 (emphasis in original). The Court concluded that under either interpretation the instruction would have "the effect of relieving the State of the burden of proof . . . on the critical question of [Sandstrom's] state of mind." *Id.* at 521, 99 S.Ct. at 2458, 61 L.Ed.2d at 49.

---

1. *Sandstrom* was not called to our attention until after our original decision. It was first cited in appellant's petition for rehearing. The state was then given an opportunity to reply to appellant's argument that *Sandstrom* requires reversal of his conviction.

2. *State v. Sandstrom*, 580 P.2d 106, 109 (Mont. 1978).

In contrast, the jurors in the case at bar were instructed as follows:

> It is *reasonable to infer* that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. So unless the contrary appears from the evidence, *the jury may draw the inference* that the accused intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably expect to result from any act knowingly done or knowingly omitted by the accused.

*Calantas v. State*, 599 P.2d at 150 (emphasis added). Such language, we believe, together with the language contained in the other instructions given by the trial court, clearly informed the jurors that while it was permissible to infer that the defendant intended to kill his victims from the fact that he shot them, they were not required to do so, and that the defendant was under no obligation to disprove his alleged intent. In short, we remain as convinced now, as we were at the time of our original decision, that the court's instructions "made it absolutely clear to the jury that it was the state's burden to prove beyond a reasonable doubt that Calantas acted with the specific intent to kill and that that burden remained with the state throughout the trial." *Id.* at 151. Such being the case, we think *Sandstrom* is distinguishable and, therefore, not controlling.

Having concluded that appellant's remaining contentions are also without merit, we re-affirm our earlier decision upholding his conviction.