NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

RIGOBERTO GUILLERMO
WALKER,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-14105
Trial Court No. 3AN-19-06675 CR

O P I N I O N

No. 2808 — July 3, 2025

Appeal from the Superior Court, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: George W.P. Madeira Jr., Assistant Public Defender, and Terrence Haas, Public Defender, Anchorage, for the Appellant. Seneca Theno Freitag, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge ALLARD.

This case involves an erroneous jury instruction that was disapproved by the Alaska Supreme Court almost five decades ago.

In the 1963 case *Mann v. United States*, the Fifth Circuit reversed a criminal conviction for willfully attempting to evade paying income taxes because the jury was given an erroneous instruction that contained an improper presumption.[1] The erroneous jury instruction stated, in relevant part:

> It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. *So unless the contrary appears from the evidence, the jury may draw the inference that the accused intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the accused.*[2]

The Fifth Circuit pointed to two flaws in the instruction. First, the phrase, "So unless the contrary appears from the evidence," caused "the burden of proof [to be] shifted from the prosecution to the defendant to prove lack of intent."[3] Second, the instruction invited the jury "to speculate" about Mann's intent based on what someone "similarly situated . . . and with like knowledge" would have reasonably intended.[4] Such speculation is impermissible because the test for specific intent crimes is not what a similarly situated person's intent would have been, but rather what the named defendant's intent was.[5]

In the 1978 case *Menard v. State*, the Alaska Supreme Court held that "the giving of the *Mann* instruction is error" under Alaska law, and the court "admonish[ed]

---

[1] *Mann v. United States*, 319 F.2d 404, 405, 408-10 (5th Cir. 1963).

[2] *Id.* at 407 (emphasis added).

[3] *Id.* at 409.

[4] *Id.*

[5] *Id.*

Alaska trial courts to cease using it."[6] The court nevertheless held that the error was harmless in Menard's case because he was acquitted of the specific intent crime and convicted of only the general intent crime.[7] In later cases, our supreme court has reaffirmed that giving a *Mann* instruction is error, although it may be harmless beyond a reasonable doubt depending on the circumstances under which it was given.[8]

The defendant in the current case, Rigoberto Guillermo Walker, was charged with, *inter alia*, attempted murder for stabbing a woman while she was gardening outside of her apartment. Security footage captured Walker stabbing the woman, who was a stranger to him. The primary issue at trial was whether Walker specifically intended to kill the woman (and was therefore guilty of attempted murder), or whether he had recklessly caused her serious physical injury (and was therefore only guilty of first-degree assault).

At trial, the prosecutor requested that the jury be given a *Mann* instruction that included the improper burden-shifting language and the problematic reference to "one standing in like circumstances and possessing like knowledge." The prosecutor claimed (erroneously) that both the Alaska Supreme Court and this Court had

---

[6]   *Menard v. State*, 578 P.2d 966, 970 (Alaska 1978).

[7]   *Id.*

[8]   *See, e.g.*, *Howard v. State*, 583 P.2d 827, 831-32 (Alaska 1978) (reaffirming that the giving of a *Mann* instruction was error and holding that it was not harmless beyond a reasonable doubt in Howard's case because he was convicted of a specific intent crime); *Calantas v. State*, 599 P.2d 147, 150-51 (Alaska 1979) (noting that the *Mann* instruction was previously "condemned" but finding it harmless in light of the other jury instructions), *aff'd* 608 P.2d 34 (Alaska 1980); *Hintz v. State*, 627 P.2d 207, 209 n.2 (Alaska 1981) (holding that the giving of a *Mann* instruction "was not prejudicial error" in light of other jury instructions).

"explicitly approved" the instruction.[9] He also claimed that the instruction had repeatedly been used in the Alaska superior courts.[10] Walker objected to the instruction.

The superior court took the matter under advisement and subsequently gave the instruction over Walker's objection. In closing argument, the prosecutor read

---

[9]    Although the Alaska Supreme Court's disapproval of the *Mann* instruction is clear from its caselaw, we note that there are a number of potential sources of confusion that may have led to the prosecutor's mistake. First, it appears that the prosecutor may have misread cases that found the *Mann* instruction harmless as suggesting that the instruction was not actually error. Second, there used to be a pattern jury instruction that was very similar to the first part of the *Mann* instruction — "It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted" — but did not include the explicit burden shifting provision or the other "similarly situated" language that had been identified as problematic by the Fifth Circuit in *Mann*. This pattern instruction was replaced a number of years ago with a different pattern instruction on state of mind. *See* Alaska Criminal Pattern Instruction 1.15 (2025). We also recently disapproved of this former pattern instruction on the grounds that the instruction "undermines the legal distinction between negligence or recklessness, on the one hand, and intent (conscious objective) on the other." *Burton-Hill v. State*, 569 P.3d 1, 44-45 (Alaska App. 2025).

Prior to that disapproval, however, we had issued decisions that approved the former pattern instruction against various challenges. *See, e.g.*, *Kangas v. State*, 463 P.3d 189, 192-95 (Alaska App. 2020); *Gargan v. State*, 805 P.2d 998, 1005 (Alaska App. 1991). Notably, in *Kangas* and *Gargan*, we mistakenly stated that the Alaska Supreme Court had "approved" the challenged instruction, citing to the supreme court's opinion on rehearing in *Calantas v. State*, 608 P.2d 34 (Alaska 1980) (opinion on rehearing). *See Kangas*, 463 P.3d at 192; *Gargan*, 805 P.2d at 1005. This was incorrect. The instruction used in *Calantas* was a true *Mann* instruction that included the improper burden shifting provision and the problematic reference to "one standing in like circumstances and possessing like knowledge." *Calantas*, 599 P.2d at 150. Moreover, the Alaska Supreme Court was clear in its initial *Calantas* decision that it had "condemned" the use of the *Mann* instruction, even though it found its use harmless in that particular case. *Id.* at 150-51.

[10]    As we noted in the footnote above, the prosecutor may have been confused about the difference between a *Mann* instruction and a former pattern jury instruction, which was itself replaced a number of years ago and recently disapproved of by this Court in *Burton-Hill*, 569 P.3d at 44-45.

– 4 –                                                                 2808

the instruction to the jury and used it to argue that Walker intended to kill the woman he stabbed. The jury convicted Walker of attempted murder.[11]

On appeal, the State concedes that "the Alaska Supreme Court [has] resoundingly disapproved the use of a *Mann* instruction" and that its use in Walker's case was error. These concessions are well-founded.[12] The State argues, however, that the error was harmless beyond a reasonable doubt because the jury was otherwise properly instructed on the State's burden of proof, and because the evidence of Walker's intent to kill was strong. We disagree that the error was harmless beyond a reasonable doubt.[13]

In *Menard*, our supreme court found that giving the *Mann* instruction was harmless beyond a reasonable doubt because "the jury acquitted Menard of the specific intent charge."[14] Conversely, in *Howard v. State*, the supreme court held that giving the

---

[11]  AS 11.41.100(a)(1)(A) & AS 11.31.100(a). The jury also convicted Walker of one count each of first-, second-, third-, and fourth-degree assault in violation of AS 11.41.200(a)(1), AS 11.41.210(a)(1), AS 11.41.220(a)(1)(B), and AS 11.41.230(a)(1), respectively. These guilty verdicts merged with the attempted murder conviction at sentencing. The jury acquitted Walker of the assault charges related to the eyewitnesses.

[12]  *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (holding that appellate courts must independently assess whether the State's concession of error in a criminal case is well-founded).

[13]  *See United States v. Garrett*, 574 F.2d 778, 783 (3d Cir. 1978) (noting that use of a *Mann* instruction "will be deemed error, and convictions obtained in trials in which the instruction is given will be reversed, except in those 'very extraordinary circumstances [in which] the error may be found so inconsequential as to avoid the necessity of reversal on appeal'") (quoting *United States v. Fioravanti*, 412 F.2d 407, 420 (3d Cir. 1969)); *see also Cohen v. United States*, 378 F.2d 751, 755 (9th Cir. 1987) (noting that the use of a *Mann* instruction "is an invitation to reversal").

[14]  *Menard v. State*, 578 P.2d 966, 970 (Alaska 1978); *see also Carman v. State*, 602 P.2d 1255, 1259-60 (Alaska 1979) (holding that the giving of the *Mann* instruction was harmless beyond a reasonable doubt in part because "whether Carman possessed the specific intent to steal did not become one of singular importance in [the] case").

*Mann* instruction was not harmless beyond a reasonable doubt in part because Howard, unlike Menard, had been convicted of a specific intent crime.[15]

Here, Walker was convicted of a specific intent crime in a trial where the *sole* contested issue in relation to the attempted murder charge was whether Walker acted with the specific intent to kill.[16] Moreover, the potential prejudice caused by the *Mann* instruction was amplified by the fact that the prosecutor expressly referred to the instruction in closing argument and used the instruction to argue the State's theory of specific intent. Under these circumstances, we cannot say that the giving of the *Mann* instruction — an instruction condemned by the Alaska Supreme Court nearly five decades ago — was harmless beyond a reasonable doubt.

The judgment of the superior court is REVERSED. On remand, the State may elect to retry Walker on the attempted murder charge with a properly instructed jury. If the State elects not to retry Walker on the attempted murder charge, judgment should be entered on the first-degree assault conviction and Walker should be resentenced accordingly.

---

[15] *Howard v. State*, 583 P.2d 827, 831-32 (Alaska 1978); *see also Walker v. State*, 652 P.2d 88, 91 n.5 (Alaska 1982) (noting that the *Mann* instruction in *Howard* was prejudicial because the defendant was convicted of a specific intent crime, while the use of the *Mann* instruction in *Menard* was "largely irrelevant" because the defendant was only convicted of a general intent crime), *overruled on other grounds by Young v. State*, 374 P.3d 395 (Alaska 2016).

[16] *See Anderson v. State*, 372 P.3d 263, 264-65 (Alaska 2016) (emphasizing that Alaska follows the "effect-on-the-jury" approach rather than the "guilt-based" approach to determine whether a constitutional error is harmless beyond a reasonable doubt).